# CONFIDENTIALITY AGREEMENT

THIS CONFIDENTIALITY AGREEMENT (the "**Agreement**") is made and agreed to by the undersigned reviewer (the "**Reviewer**") and Telesource Services, LLC ("**Telesource**" or the "**Company**"), a Michigan limited liability company. Telesource and the Reviewer are collectively referred to as the "**Parties**".

## RECITALS

A) Telesource is a Chapter 11 Debtor-In-Possession in Case No. 15-45364-tjt, which is currently pending in the United States Bankruptcy Court of the Eastern District of Michigan, Southern Division (the "**Bankruptcy Court**").

B) The Reviewer has requested to review and inspect that certain financial information, and related operational and business documents (the "**Financial Documents**"), which the Company believes constitutes Confidential Information (as defined below).

C) "**Confidential Information**" means all economic, commercial, marketing and financial information (whether prepared by the Company, its advisors, or otherwise) that is confidential and/or proprietary in nature whether delivered orally, electronically, in writing, or other printed form, or that relates in any way to the foregoing that is learned by or disclosed to either party in their dealings with each other, regardless of whether such information is marked or designated as confidential at the time or in the manner the information is communicated to Reviewer. The term "Confidential Information" shall *not* include information that: (a) is already known to the Reviewer or its Representatives (as defined below) from non-Company sources not known by the Reviewer and its Representatives to be subject to any confidentiality obligations to the Company; (b) is generally available to the public other than as a result of a disclosure by any Reviewer or any of its Representatives; (c) is independently developed by the Reviewer or any of its Representatives without violating any term of this Agreement; or (d) is required to be disclosed by law or by regulatory or judicial process.

D) The Company considers the Financial Documents, including without limitation the Evaluation Material (as defined below), sought by the Reviewer to be proprietary and confidential, and such information, if disclosed or used by Reviewer for any purpose other than analyzing whether to (i) make an offer to purchase some or all of Telesource's business operations and/or assets and (ii) participate in the auction, if any, of Telesource's assets or equity, could inflict on the Company injury in the form of lost profits, lost business opportunities, lost opportunity cost, damage to customer relations, interference with contractual relations and other damages to the Company's business.

E) The Company has requested the Reviewer to execute and deliver this Agreement as a condition of Reviewer's review and inspection of the Financial Documents.

{00589330.3}

F) As an additional condition to the Reviewer being furnished such information, the Reviewer agrees to treat all Confidential Information, which is furnished to the Reviewer by or on behalf of the Company (herein, collectively referred to as "**Evaluation Material**"), and all other written material containing, excerpting, summarizing, organizing, restating, classifying, evaluating, analyzing or otherwise reflecting any information contained in or derived from the Evaluation Material (whether prepared by the Company, its advisors, or otherwise) (collectively, the "**Secondary Evaluation Materials**") in accordance with the terms of this Agreement, and to take or abstain from taking certain actions set forth herein.

In consideration of being granted the opportunity to review and inspect the Confidential Information, THE REVIEWER AGREES AS FOLLOWS:

## AGREEMENT

1. **INCORPORATION OF RECITALS**  The recitals set forth above are hereby incorporated by reference into this Agreement as if each of the recitals is fully stated herein.

2. **PURPOSE**  The Reviewer agrees that its review and inspection of the Confidential Information, including without limitation all Evaluation Materials and Secondary Evaluation Materials, shall be solely and exclusively in connection with analysis of whether or not to (i) make an offer to purchase some or all of Telesource's business operations and/or assets and (ii) participate in the auction, if any, of Telesource's assets or equity.

3. **NON-DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION**  The Reviewer agrees that, except as set forth below, all Confidential Information shall be used by the Reviewer solely for the purpose stated in Section 2 hereof. The Reviewer further agrees not to disclose any of the Confidential Information without the prior written consent of the Company to any third party other than to Reviewer's representatives, including attorneys, accountants, consultants, and financial advisors (collectively, the "**Representatives**"), provided, however, that Confidential Information shall be provided only to those Representatives who have a need to know the Confidential Information for the purpose stated in Section 2 hereof. The Reviewer shall inform each of its Representatives that receives any of the Confidential Information of the requirements and existence of this Agreement and shall require each such Representative to comply with all requirements set forth in this Agreement. Notwithstanding anything to the contrary in this Agreement, Representatives shall perform according to the terms of this Agreement, and the Reviewer agrees to remain liable and responsible under this Agreement for any breach of this Agreement by a Representative, unless the Representative has separately entered into a similar agreement with Company, in which case the Reviewer shall not be responsible for such Representative's breach of that separate agreement.

In addition, without the Company's prior written consent, the Reviewer will not, and will direct its Representatives not to, disclose to any person the fact that Reviewer is evaluating whether to (i) make an offer to purchase some or all of Telesource's business operations and/or assets and

16-04356-tjt    Doc 13-1    Filed 05/31/16    Entered 05/31/16 15:59:23    Page 2 of 7

(ii) participate in the auction, if any, of Telesource's assets or equity.

In the event the Reviewer or its Representative breaches any of its obligations under this Agreement then, in addition to actual damages, including any statutory damages under applicable laws, the Reviewer shall be liable to the Company for any costs, fees or expenses, including reasonable attorneys fees, incurred by the Company to enforce the terms of this Agreement. The rights, powers and remedies provided in this paragraph shall be in addition to and do not preclude the exercise of any other right, power or remedy available to the Company under law or in equity, including, without limitation, the seeking of an injunction to prevent disclosure under this Agreement and an order compelling specific protection of Confidential Information subject to this Agreement.

In the event of a breach or threatened breach of any provision of this Agreement, Company shall be entitled to seek immediate injunctive relief from a court of competent jurisdiction, without the necessity of showing irreparable injury or special damages. Furthermore, if a court of competent jurisdiction shall decide that Reviewer or its Representatives has breached this Agreement, Reviewer shall reimburse Company the cost of any court proceedings and reasonable attorney's fees.

No forbearance, failure or delay in exercising any of the foregoing rights, powers or remedies shall operate as a waiver thereof or preclude its further exercise.

4. **RETURN OF CONFIDENTIAL INFORMATION.** The Reviewer agrees that all Confidential Information is and remains the property of the Company. Promptly after the Termination Date (as defined below), the Reviewer shall return all Confidential Information in its possession or in any of its Representative's possession to the Company or, alternatively, destroy the Confidential Information and deliver an affidavit certifying the destruction of such materials. In the case of materials prepared by the Reviewer or its Representative containing Confidential Information, the Reviewer may satisfy its obligation to return the Confidential Information by destroying all such materials and delivering an affidavit certifying the destruction of such materials. Notwithstanding the foregoing, (i) the Reviewer's third party advisors may retain Confidential Information to the extent required by applicable law or professional standards of conduct and (ii) the Reviewer and the Reviewer's Representatives shall not be required to use more than commercially reasonable efforts to expunge any Confidential Information stored electronically on back-up servers that are routinely over-written, provided that each such person who has so retained or not expunged Confidential Information shall continue to be subject to the confidentiality provisions of this Agreement with respect to such Confidential Information for so long as such information is retained or has not been expunged.

5. **INDEMNIFICATION.** In the event any Confidential Information, including without limitation the Evaluation Materials or Secondary Evaluation Materials, is disclosed or used by any person in violation of this Agreement, the Reviewer agrees to indemnify and hold the Company and its Representatives harmless from any and all Claims (as defined herein).

{00589330.3}

Page 3 of 7

16-04356-tjt    Doc 13-1    Filed 05/31/16    Entered 05/31/16 15:59:23    Page 3 of 7

As used herein, "**Claims**" is understood is understood and agreed by the Parties to mean those claims (which include costs, expenses, contracts, promises, controversies, representations, losses, liabilities, damages, demands, actions, causes of action or suits at law or in equity of whatever kind or nature including (without limitation) actions for contribution and indemnity, whether the consequences thereof are now existing or may hereafter arise, or whether they are known or unknown, anticipated or unanticipated) that is based upon and/or emanates from information contained in the Evaluation Material or any other information provided by the Company to the Reviewer whether or not such information is or may become available (either on a confidential or non-confidential basis) to the Reviewer or its successors or assigns from any other source.

6. **LIQUIDATED DAMAGES.** In view of the difficulty of determining the amount of damages which may result to the Company from a violation of any provision of this Agreement, the Reviewer shall pay of the Company the sum of SIXTY THOUSAND ($60,000.00) DOLLARS as liquidated damaged for any such violation. However, the payment of such amount as liquidated damages shall not be construed as a release or waiver by the Company of the right to prevent any such violation in equity or otherwise. The Parties agree that any violation of this Agreement by the Reviewer or its Representatives will harm and damage the Company in an amount that exceeds $60,001.00, and that $60,000.00 is a reasonable sum for liquidated damages.

7. **NOTICES** All notices, waivers, demands, requests or other communications required or permitted by this Agreement (collectively, "**Notices**"), to be effective, shall be in writing, properly addressed, and shall be delivered by (a) personal delivery, (b) established overnight commercial courier with delivery charges prepaid or duly charged, or (c) registered or certified mail, return receipt requested, first class postage prepaid as follows:

If to the Company:	Telesource Services, LLC
	Attn: Michael Woods
	1450 Highwood East
	Pontiac, MI 48340-1930

With a copy to:	Schafer and Weiner, PLLC
	Attn: John J. Stockdale Jr., Esq.
	40950 Woodward Ave., Ste. 100
	Bloomfield Hills, MI 48304

If to Reviewer:	*2465 Centerline Ind. Dr.*
	*Maryland Heights MO 63043*

With a copy to: _____

_____

_____

At the address set forth above or to any other address or addresses as any party entitled to receive notice under this Agreement shall designate, from time to time, by Notice given to the others in the manner provided in this Section 7. Notices thus given by personal delivery shall be deemed to have been received upon receipt as indicated by the date on the signed receipt. Notices thus given by overnight courier shall be deemed to have been received on the date of delivery by such overnight commercial courier (or, if delivered on a Saturday, Sunday, or legal holiday, the next business day). Notices thus given by certified mail shall be deemed to have been received on the date received.

8. **LEGAL REQUIREMENTS** The Reviewer acknowledges that (i) the Confidential Information may be subject to the confidentiality provisions of applicable state and federal laws and may contain customer information subject to the Right to Financial Privacy Act, and (ii) any unauthorized use of the Confidential Information may result in the imposition of criminal penalties under applicable state or federal law.

9. **TERMINATION** This Agreement shall expire on August 15, 2015 (the "**Termination Date**"). The Reviewer shall not have any right or power to compel the Company to enforce the terms of this Agreement as to any other Reviewer.

10. **TELECOPY SIGNATURES** This Agreement shall be deemed binding when executed by the Reviewer and the original or a telecopy thereof is received by Company. Telecopy or email ("pdf" "adobe" or the like) signatures shall be deemed valid and binding to the same extent as the original.

11. **NO REPRESENTATIONS OR WARRANTIES** Reviewer acknowledges and understands that the Confidential Information is being delivered without any representations or warranties of any kind, either express or implied, with respect to the accuracy of the Confidential Information. Reviewer hereby releases the Company and the Company's Representatives from all Claims, causes of action, losses, damages, liabilities, judgments, costs and expenses (including, without limitation, attorney's fees, whether suit is instituted or not) asserted by or incurred by Reviewer by reason of the Reviewer's reliance on the accuracy of the Confidential Information.

12. **ENTIRE AGREEMENT** This Agreement represents the entire agreement between the Reviewer and the Company relating to the treatment of Confidential Information heretofore or hereafter reviewed or inspected by the Reviewer. This Agreement supersedes all other agreements relating to such matters which have previously been executed by the Reviewer in favor of the

{00589330.3}

Company. This Agreement may be modified or waived by a separate writing by the Company and the Reviewer expressly modifying or waiving this Agreement.

13. **GOVERNING LAW** This Agreement shall be governed by, and construed in accordance with, the laws of the State of Michigan, without regard to any conflict or choice of law issues. Each of the parties hereto irrevocably consent to the exclusive jurisdiction and venue of the Bankruptcy Court in connection with any matter based upon or arising out of this Agreement or the matters contemplated herein.

14. **COUNTERPARTS** This Agreement may be executed in any number of counterparts.

15. **TITLES AND CAPTIONS** The titles or captions of any provision in this Agreement are for reference purposes only, and shall have no effect upon the construction or interpretation of any provision of this Agreement.

16. **SEVERABILITY** All of the provisions of this Agreement are separate and distinct from one another. Should any provision of this Agreement be found to be null, void or unenforceable, the other provisions of this Agreement shall remain in effect to the fullest extent possible.

17. **PARTIES HAVE READ THIS AGREEMENT** The Parties represent that they have read this Agreement in its entirety, they have each consulted with and been advised by independent counsel, prior to executing this Agreement, and that they have executed this Agreement as their free and voluntary act and deed for the purposes stated herein.

18. **AUTHORIZATION** The Parties warrant to each other that the individual signing on behalf of any respective Party is authorized by such respective Party to do so.

19. **WARRANTIES** Each Party hereby warrants, represents and acknowledges to the other that:

   a. the consideration received by it for this Agreement is sufficient, just and adequate,

   b. it is entering into this Agreement based solely and exclusively upon its own analysis of the facts and/or information of which it is independently aware and not based upon any statements and/or representations of any other person or entity.

20. **SURVIVAL** All representations and warranties and the rights and remedies described in this Agreement shall survive the termination of this Agreement.

21. **DRAFTS** The Parties do hereby acknowledge that the drafting of this document was

a result of the mutual efforts of the Parties and their attorneys and recognize that in the event of a dispute there shall be no presumption against the drafter.

**IN WITNESS WHEREOF**, the undersigned have executed this Agreement as of the date set forth below.

Dated of Execution: 7/20/2015

REVIEWER:

_____  Sorta Systems LLC
(Signature)                  Company/Organization - (please print)

W. Todd Brougham            C.O.O.
Name: (please print)         Title: (please print)

Address: 2465 Centerline Ind. Dr.
(please print)

Maryland Heights  MO  63043
City,             State     Zip Code

314-787-1800
Telephone No.                Telecopy No.

TELESOURCE SERVICES, LLC

By: _____
    (Signature)

    Michael J. Woods
    Name: (please print)

Its: CEO
     Title: (please print)

{00589330.3}